# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FERNANDO MARTINEZ, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00791<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| DEBORAH TODD, individually and on behalf of all others similarly situated.<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00800<br><br>District Judge Richardson<br>Magistrate Judge Evans<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| MARCUS OWENS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>     Defendant. | Case No. 3:26-CV-00805<br><br>District Judge Richardson<br>Magistrate Judge Evans<br><br>JURY DEMANDED<br><br>CLASS ACTION |

| | |
|---|---|
| EUGENE CHU, JEFFREY MCGRATH and ADAM NICHOLSON, individually and on behalf of all others similarly situated, | Case No. 3:26-CV-00810 |
| Plaintiffs, | District Judge Richardson<br>Magistrate Judge Frensley |
| v. | JURY DEMANDED |
| XSOLIS, INC., | CLASS ACTION |
| Defendant. | |
| DAYNIQUE JOHNSON, individually and on behalf of all others similarly situated, | Case No. 3:26-CV-00815 |
| Plaintiff, | District Judge Richardson<br>Magistrate Judge Frensley |
| v. | JURY DEMANDED |
| XSOLIS, INC., | CLASS ACTION |
| Defendant. | |
| LYRIS SPENCER-HARRIS, individually and on behalf of all others similarly situated, | Case No. 3:26-CV-00817 |
| Plaintiff, | District Judge Richardson<br>Magistrate Judge Frensley |
| v. | JURY DEMANDED |
| XSOLIS, INC., | CLASS ACTION |
| Defendant. | |

| | |
|---|---|
| WENDY DION, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>  Defendant. | Case No. 3:26-CV-00827<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| GREGORY MITCHELL, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>  Defendant. | Case No. 3:26-CV-00830<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| JUELLS MCLEOD, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>  Defendant. | Case No. 3:26-CV-00833<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |

| | |
|---|---|
| ROSCOE SHOREY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>       Defendant. | Case No. 3:26-CV-00834<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |
| HOLLY MATHEWS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>XSOLIS, INC.,<br><br>       Defendant. | Case No. 3:26-CV-00839<br><br>District Judge Richardson<br>Magistrate Judge Frensley<br><br>JURY DEMANDED<br><br>CLASS ACTION |

### <u>ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD COUNSEL</u>

THIS MATTER, having come before the Court on Plaintiffs' Motion to Consolidate Actions and Appoint Interim Co-Lead Counsel (Doc. No. 8, "Motion"), and the Court having read the papers, **IT IS ORDERED** that the Motion (Doc. No. 8) is **GRANTED** as set forth below:

1.      The Court hereby consolidates all actions filed after the first-filed action, as well as any future related actions, under the docket number of the first-filed *Martinez* Action (No. 3:26-cv-000791) (collectively "Consolidated Action"). The clerk is directed to administratively terminate all actions other than *Martinez*.

2.      The case file for the Consolidated Action will be maintained under Master File No. 3:26-cv-000791 under the new case style: "*In re Xsolis, Inc. Data Breach Litigation.*"

3.      Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar alleged facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

4.      If the Court determines that the case is related, the clerk shall:

    a.      Place a copy of this Order in the separate file for such action;

    b.      Serve on Plaintiffs' counsel in the new case a copy of this Order;

    c.      Direct that this Order be served upon Defendant(s) in the new case; and

    d.      Make appropriate entry in the Master Docket.

5.      Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, Mariya Weekes of Milberg, PLLC and Jeffrey Ostrow of Kopelowitz Ostrow P.A.  as Interim Co-Lead Counsel.

6.      Mr. Stranch, Ms. Weekes and Mr. Ostrow meet the requirements of Rule 23(g). Interim Co-Lead Counsel are designated to act on behalf of the putative class before determining whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of work amongst all plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Class Counsel are as follows:

    a.      Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    b.      Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c.     Convene meetings amongst counsel;

d.     Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e.     Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f.     Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g.     Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h.     Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i.     Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j.     Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel *via* the Court's electronic filing system);

k.     Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l.     Make available to other Plaintiffs' counsel documents produced by the Defendants; and

m.     Allocate attorneys' fees.

7.     Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Counsel and no other Plaintiffs' counsel, or firm, shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Counsel.

8.      Interim Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

9.      This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data breach underlying this litigation.

10.     Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Co-Lead Counsel are aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently be consolidated with the above actions.

11.     Plaintiffs in the Consolidated Action shall file a consolidated complaint within 60 days of this Order. The Defendant shall file a responsive pleading 60 days after the filing of the Consolidated Complaint. The Plaintiffs shall then have 60 days to file their response, and the Defendant shall have 30 days thereafter to file its reply.

**IT IS SO ORDERED.**

Dated: <u>July 15</u>, 2026

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE